**STRIKE IT RICH, INC., Plaintiff,**

v.

**JOS. SCHLITZ BREWING COMPANY, Defendant.**

**Civ. A. No. 79–3451.**

United States District Court, District of Columbia.

Dec. 31, 1980.

Edward R. Roybal, Oakland, Cal., Eduardo Pena, Jr., Washington, D. C., for plaintiff.

Charles W. Bradley, Peter D. Murray, New York City, Fred D. Turnage, Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This much-delayed case charging infringement of a service mark is now before the Court on cross-motions for summary judgment. Plaintiff asserts that the violation is clear and that it should be granted summary judgment as to liability. Defendant has moved for summary judgment on all issues, or, in the alternative, for partial summary judgment on the question of damages. The matters have been fully briefed and argued, and are now ripe for decision.

The facts of this case may be stated briefly. Plaintiff, whose chief officer is a 25-year veteran of the bowling circuit, holds a service mark on the words "Strike It Rich" and has endeavored to establish a bowling tournament using this slogan. Contests would be staged at various bowling lanes around the country, with winners proceeding to higher levels of competition. Although most of plaintiff's efforts have centered on California, some efforts have extended to other states. In October, 1979, defendant began an advertising campaign for the "Schlitz Strike It Rich Sweepstakes," a raffle-sweepstakes designed to promote defendant's product among bowlers. The campaign involved advertisements in several national magazines and promotional activities at bowling lanes. Individuals could enter the sweepstakes by sending in a receipt from a bowling game or a sheet of paper with the words "Schlitz Makes Bowling Great!" Although advertisements appeared in national magazines and thus were circulated in all states, the contest was not open to citizens of some states—in particular, California—because of local laws. Nonetheless, plaintiff asserts that it found confusion among some of the bowling operators it contacted because of defendant's use of plaintiff's "Strike It Rich" theme, and plaintiff subsequently cancelled temporarily its plan to initiate its bowling competition. This suit followed.

■ The Court finds that there are serious disputes over material facts that preclude granting plaintiff's motion for summary judgment. Several matters disputed at an early stage—plaintiff's ownership of the mark, and the mark's status as "incontestable" under 15 U.S.C. § 1065 (1976)—no longer appear to be seriously contested. But even if these issues are resolved in plaintiff's favor, there remain other issues on which the parties sharply disagree. In particular, the "strength" of the mark, the extent of its secondary meaning, the likelihood of confusion, whether the parties utilized the same channels of trade or overlapped in their geographical reach, and whether defendant may have made only "fair use" of the mark are all issues that the Court is unable to determine on the basis of the record now presented. It is important to resolve at least some of these issues before judgment can be reached. Because there are genuine disputes over material facts, plaintiff's motion must be denied.

■ Similarly, defendant's motion for summary judgment as to all issues must be denied. Two grounds are advanced to support defendant's motion. First, defendant states that plaintiff has not presented any factual basis for its claim of damages and, defendant contends, such proof is essential before a plaintiff can be granted any relief. This statement of the law goes much too far. Courts explicitly are granted the authority to issue injunctions and grant awards in these cases in accordance with the principles of equity. 15 U.S.C. §§ 1116, 1117 (1976). None of the cases cited by defendant support the view that failure to provide proof of actual damages wholly defeats any claim for relief by one whose service mark has been infringed. An injunction can be appropriate in many instances where no substantial showing of damages has been made. *See, e. g., Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 131–32, 67 S.Ct. 1136, 1139–1140, 91 L.Ed. 1386 (1947); *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 160–163 (1st Cir. 1977). Thus defendant's motion cannot be granted simply because of a failure to prove damages.

■ As a second ground for the motion, defendant contends that plaintiff "acquiesced" in defendant's use of "Strike It Rich," and thus should be estopped from obtaining relief. Although this argument has been recognized by other courts, *see, e. g., beef & brew, inc. v. Beef & Brew, Inc.*, 389 F.Supp. 179, 187 (D.Or.1974); *General Controls Co. v. Hi-G, Inc.*, 212 F.Supp. 152, 159–60 (D.Conn.1962), the facts of this case simply do not support such a position. It appears that plaintiff was aware of talk within the bowling industry in May, 1979, that defendant was sponsoring a Strike It Rich contest. But it is not clear that plaintiff at that time knew, or should have known, that its service mark was actually going to be infringed. When defendant's first advertisements appeared in October, 1979, plaintiff notified defendant within a week of the asserted infringement. There was no delay. On these facts, there can be no claim of acquiescence that would defeat plaintiff's claim.

Defendant's alternative motion for partial summary judgment, however, presents a different issue. This is an action for both injunctive relief and damages. Defendant seeks dismissal of plaintiff's claims for any monetary recovery, asking the Court to exercise its discretion at this stage and declare that even if there has been an infringement justifying an injunction, plaintiff has not made the showing necessary to support a further award of damages.

■ As stated above, the Court has considerable discretion in awarding damages for an infringement. In general, this discretion has been exercised after a full trial. But on the unusual facts of this case, in which plaintiff repeatedly has failed to provide either this Court or defendant with any proof of damage that could be tested or studied, the Court finds that it should exercise its discretion now and that defendant's motion for partial summary judgment should be granted.

■ From the outset of this litigation nearly a year ago, plaintiff has known that

it would be required to present concrete evidence that defendant's activities caused damage. A precise showing is not required to recover for damages, but the aggrieved party must demonstrate some actual harm. *See, e. g., Quabaug Rubber Co. v. Fabiano Shoe Co., Inc., supra,* 567 F.2d at 161. That proof has never been forthcoming despite repeated pleas from both defendant and the Court.

At the first status conference in this case, on March 21, 1980, the Court admonished plaintiff that it could not rely on assertions and would have to demonstrate its damage. That warning was repeated at a hearing on July 29, 1980, and again on December 19, 1980. Each time, plaintiff's various counsel acknowledged that proof was necessary and assured the Court that it would be obtained.

Defendant propounded interrogatories, and also took depositions of the two individuals who directed the plaintiff company. In all of its discovery efforts defendant has attempted to pin down the basis of the damage claim. But plaintiff's best response to the interrogatories was simply that it "does not know each lost sale and benefit it suffered" and that the confusion and lost sales are "obvious" because plaintiff decided that it had to cancel its bowling promotion. In the deposition, and again at the hearing on December 19, 1980, plaintiff stated that although it did not have information about damage, its unspecified "agents" could provide the information. Yet plaintiff has never assembled that information from its agents so that it could be presented to the defendant or to the Court. Plaintiff's only concrete material relating to damage is an ambiguous chart purporting to show the revenues that might be realized from its "Strike It Rich" bowling promotions, given various levels of participation. At the highest level, plaintiff shows revenues of $34 million, although it has, to date, never operated a contest under the name Strike It Rich. Despite repeated requests by defendant, plaintiff has not provided any documentary support whatsoever for the projections, but has simply stated that it could provide that support through testimony at a trial. This chart can be given no weight at this stage, and counsel for plaintiff conceded in open court that the chart does not prove any damages.

Plaintiff has shown a complete indifference to the need to provide substantial evidence for its claims of damage. Under these unusual facts, the Court will exercise its discretion and grant defendant's motion for partial summary judgment on the issue of damages. The Court is thoroughly satisfied that if plaintiff prevails an injunction will satisfy any need for an appropriate remedy.

Trial will begin at 9:30 a. m. on March 12, 1981, on the issues of infringement and possible injunctive relief.

SO ORDERED.