■ LIGHTING HORIZONS, INC., Appellant, v E. A. KAHN &

Co., INC., Respondent.—In an action to recover for goods sold and delivered, the plaintiff Lighting Horizons, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated April 1, 1985, as denied its motion for summary judgment and granted the defendant E. A. Kahn & Co., Inc.'s cross motion for leave to serve an amended answer to the plaintiff's complaint.

Order reversed insofar as appealed from, on the law, with costs, motion granted, cross motion denied, the plaintiff is awarded the principal sum of $72,868 plus interest upon $58,756.52 of that sum from August 2, 1983, and interest upon $14,111.48 of that sum from July 29, 1983, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

The plaintiff properly submitted evidentiary proof in admissible form with its motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562). The defendant, in response, provided conclusory allegations that the plaintiff delivered defective fixtures and equipment, and made an unsubstantiated claim that there was a requirements contract between itself and the plaintiff, which the plaintiff breached. Mere allegations of delivery of defective materials, will not, without more, preclude a court from granting a plaintiff's motion for summary judgment (see, GTE Sylvania v Jupiter Supply Co., 51 AD2d 993, 994; General Bldg. Supply Corp. v Shapn, Inc., 35 AD2d 550, 551).

The defendant's parol recitation of the requirements contract, premised as it was upon a $135,000 budget, was not admissible, as the Statute of Frauds requires a writing for any contract concerning the sale of goods in excess of $500 to be enforced (UCC 2-201 [1]; Crabtree Automotive v BMW of N. Am., 105 AD2d 825, 826). In light of the failure of the defendant to submit evidentiary proof in admissible form or an acceptable excuse for not doing so, it has not made a sufficient showing to defeat the plaintiff's motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562, supra).

Since the plaintiff's motion for summary judgment is being granted in its entirety, the defendant's cross motion to amend its answer is moot. A matter is moot when a determination is sought on a matter which, if rendered, could not have any practical effect on the existing controversy (Leonhart v McCormick, 395 F Supp 1073, 1077). Here, the granting of the summary judgment motion puts an immediate and permanent

end to this case *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:1, p 424). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.