**SECURITY PACIFIC MORTGAGE AND REAL ESTATE SERVICES, INC.,**
**Plaintiff–Appellee,**

v.

**HERALD CENTER, LTD. and Canadian Land Company of America, N.V.,**
**Defendants–Appellants.**

**Nos. 409, 371, 372 and 410, Dockets 89–7596, 89–7612, 89–7744 and 89–7746.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1989.
Decided Dec. 8, 1989.

Andrew J. Levander, New York City (Shereff, Friedman, Hoffman & Goodman, Shari L. Steinberg, of counsel), for defendants-appellants.

Michael K. Stanton, New York City (Weil, Gotshal & Manges, Richard G. Tashjian, Konrad L. Cailteux, Barbara E. Taylor, of counsel), for plaintiff-appellee.

Before FEINBERG and MESKILL, Circuit Judges, and COFFRIN, District Judge.[*]

PER CURIAM:

This is a consolidated appeal from two actions: Security Pacific Mortgage and Real Estate Services, Inc. v. Canadian Land Co. of America, N.V., et al., and Security Pacific Mortgage and Real Estate Services, Inc. v. Herald Center, Ltd., et al. Defendants Canadian Land Co. of America, N.V. (Canadian Land (SF)) and Herald Center, Ltd. (HCL (SF))[1] appeal from final judgments of foreclosure and sale entered in the United States District Court for the Southern District of New York, Pierre N. Leval, J., dated July 6, 1989 and May 17, 1989. We need not recite the facts of this case, since they are set forth in detail in the district court's two thorough opinions, reported at 690 F.Supp. 1214 and 726 F.Supp. 45. Familiarity with these facts is assumed. See also Citibank, N.A. v. Nyland (CF8) Ltd., 878 F.2d 620, 621–22 (2d Cir.1989) (related action).

The principal argument of Canadian Land (SF) and HCL (SF) on appeal is that the district court erred in dismissing the "faithless agent" defense to foreclosure under New York law. That defense is an attempt to avoid the established rule of agency law that a principal is liable to third parties for the acts of an agent operating within the scope of the agent's real or apparent authority. See British American & Eastern Co. v. Wirth Ltd., 592 F.2d 75, 80 (2d Cir.1979). Appellants Canadian Land (SF) and HCL (SF) do not contest that appellee Security Pacific, the mortgagee of the properties involved here, was a third party. Nor do they deny that Security Pacific was dealing with their agent—New York Land Co.—and that the latter was acting within the scope of its apparent authority. Nevertheless, they invoke the faithless agent defense, claiming that Security Pacific should be barred from foreclosing because it was aware of the mismanagement of Joseph Bernstein, who was acting as president of New York Land Co. To support this view, they point to evidence that Security Pacific believed that Bernstein's mismanagement was the root cause of the default.

We are not persuaded that the district court erred in rejecting the faithless agent defense. Assuming arguendo that this defense may be invoked under the right circumstances, we considered and rejected it in Citibank, N.A. v. Nyland (CF8) Ltd., 878 F.2d at 624. Indeed, the party asserting the faithless agent defense in Citibank—Nyland (SF)—appears to have been essentially the same, in all but name, as Canadian Land (SF) and HCL (SF). See id. at 621. Moreover, even if, as Canadian Land (SF) and HCL (SF) contend, principles of collateral estoppel do not bar their claim, we find the reasoning of the Citibank panel dispositive on this record. "It cannot be that a mortgagee's awareness of defaults under a mortgage constitutes awareness that a managing agent is engaged in self-dealing." Id. at 624. On the record before us, "[f]aced with only conclusory allega-

---

[*] Honorable Albert W. Coffrin, Senior United States District Judge for the District of Vermont, sitting by designation.

1. Two different groups—one associated with Joseph Bernstein, and the other with Karl Peterson and Adnan Kashoggi—claim authority to speak for defendants-appellants Canadian Land Co. of America, N.V. and Herald Center, Ltd. See 690 F.Supp. at 1215 n. 1. Each of these factions litigated separately in the district court. Each, initially, filed a separate brief on appeal, but the Bernstein faction withdrew its appeal by

stipulation shortly before oral argument. Consistent with the terminology of the district court and of a panel of this court in a related action, see Citibank, N.A. v. Nyland (CF8) Ltd., 878 F.2d 620, 621 (2d Cir.1989), we will refer to entities comprising the Peterson faction as "Canadian Land (SF)" and "HCL (SF)"; "SF" stands for the law firm of Shereff, Friedman, Hoffman & Goodman, which represented the Peterson faction below and on appeal.

tions and unsupported factual assertions," we reject, as did the *Citibank* panel, the " 'faithless agent' defense." *Id.*

The judgments of the district court are affirmed.