**MAIER–SCHULE GMC, INC., Plaintiff,**

v.

**GENERAL MOTORS CORPORATION (GMC TRUCK AND BUS GROUP), Volvo White Truck Corporation, Volvo GM Heavy Truck Corporation, Buffalo Truck Sales & Service, Inc., Taige Berggren, Kenneth Kaczmarek, Richard B. Gurley, Nicholas Bodnar, and Thomas B. Bowen, Defendants.**

No. 87–CV–1514S.

United States District Court, W.D. New York.

March 15, 1994.

As Amended April 1, 1994.

considerable period of time after a rainfall or heavy dew.

F. James Kane, Jr., Damon & Morey, Buffalo, NY, for plaintiff.

Thomas S. Wiswall, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, and Daniel L. Goldberg, Bingham, Dana & Gould, Boston, MA, for General Motors Corp.

Deborah H. Karalunas, John J. Dee, Bond, Schoeneck & King, Syracuse, NY, for Volvo GM Heavy Truck Corp., Taige Berggren, Kenneth Kaczmarek and Richard B. Gurley.

Marilyn A. Hochfield, Kavinoky & Cook, Buffalo, NY, for Volvo White Truck Corp.

Thomas C. Pares, Renda, Pares & Pfalzgraf, Buffalo, NY, for Buffalo Truck Sales & Service, Inc. and Thomas Bowen.

Robert J. Lane, Sr., Buffalo, NY, for Nicholas Bodnar.

## DECISION AND ORDER

SKRETNY, District Judge.

### *INTRODUCTION*

Presently before this Court are plaintiff's motion for certification of an order for appeal pursuant to 28 U.S.C. § 1292(b); defendants' motions to stay parallel state court proceedings pursuant to 28 U.S.C. § 2283; and defendants' motions for entry of final judgment pursuant to Fed.R.Civ.P. 58 or, in the alternative, for entry of partial judgment pursuant to Fed.R.Civ.P. 54(b). For the reasons discussed below, plaintiff's motion for certification will be denied, and defendants' motions will be deemed to be withdrawn, without prejudice, by the consent of counsel.

### *BACKGROUND*

Plaintiff, Maier–Schule GMC, Inc., has filed a complaint alleging a number of federal and state statutory and state common law causes of action against defendants. Essentially, these causes of action arise from a decision by defendant General Motors Corporation ("GM") to cancel plaintiff's "heavy duty truck addendum", and the failure of defendant Volvo GM Heavy Truck Corporation ("VGM") to award plaintiff a new dealership franchise. This Court has federal question jurisdiction under 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims under this Court's supplemental jurisdiction, 28 U.S.C. § 1367.

Plaintiff possessed a franchise to distribute GM trucks in Western New York and Northern Pennsylvania. Moreover, plaintiff alleges that it had rights under light, medium, and heavy duty truck "addenda", which permitted plaintiff to distribute these individual grades of trucks. Plaintiff alleges that each addendum constituted a separate and distinct "franchise", as that term is defined in the Automobile Dealers' Day in Court Act[1] and the New York State Franchised Motor Vehicle Act.[2] Plaintiff charges that when defendants GM and Volvo joined to create the joint venture VGM, they unlawfully conspired to terminate plaintiff's rights under the heavy duty addendum in bad faith, and to award a VGM franchise to a competing dealer, defendant Buffalo Truck Sales & Service, Inc. ("Buffalo Truck"). Furthermore, plaintiff seeks to hold defendants jointly responsible for certain actions taken by GM in connection with GM's cancellation of the heavy duty addendum, and its provision of discounts on the sales of heavy duty trucks. Plaintiff asserts claims under the following statutes and common law causes of action: (1) the New York Franchise Act; (2) the Dealers' Act; (3) New York State General Business Law § 197; breach of contract; Section 1 of the Sherman Act, 15 U.S.C. § 1; Section 2 of the Sherman Act, 15 U.S.C. § 2; Section 3 of the Clayton Act, 15 U.S.C. § 14; the Robinson–Patman Act, 15 U.S.C. § 13; New York State General Business Law § 340 (the "Donnelly Act"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.;* the New York State Uniform Commercial Code, N.Y.U.C.C. § 2–306(2); interference with contractual relations; and tortious interference with advantageous business relations.

On May 3, 1993 this Court entered a Decision and Order ("Decision") resolving the following motions: (1) the motions of defendants GM, VGM, and Volvo White Truck Corporation ("White") for summary judgment pursuant to Fed.R.Civ.P. 56; (2) the motions of defendants Berggren, Kaczmarek, and Gurley (the "individual defendants") to dismiss plaintiff's complaint as against them for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2); and (3) GM's objections to the Report and Recommendation of Hon. Edmund F. Maxwell, United States Magistrate Judge for the Western District of New York, recommending the denial of GM's motion for sanctions against plaintiff for failure to produce expert witness and damages

---

1. Also known as the Automobile Franchise Act, 15 U.S.C. §§ 1221–1225. For convenience, this Act will be referred to hereinafter as the "Dealers' Act".

2. New York Vehicle and Traffic Law § 460 *et seq.,* referred to hereinafter as the "New York Franchise Act".

information during discovery. Although this Court determined that certain of plaintiff's causes of action were sufficient to withstand defendants' motions for summary judgment, this Court further determined that plaintiff had failed to come forward with sufficient proof of its damages. This deficiency affected each of plaintiff's causes of action. Therefore, this Court awarded summary judgment to the moving defendants on the issue of damages. Furthermore, this Court determined that plaintiff had repeatedly failed to adhere to the orders of this Court directing plaintiff fully and accurately to answer defendants' interrogatories seeking information on plaintiff's calculation of damages. Therefore, this Court precluded plaintiff from introducing evidence of alleged damages at trial, pursuant to Fed.R.Civ.P. 26 and 37, the Local Rules in this District, and this Court's calendar guidelines regarding discovery orders.

On June 17, 1993 plaintiff filed a notice of appeal to the Second Circuit United States Court of Appeals. Plaintiff supposedly appealed "from so much of said Decision and Order that granted summary judgment to defendants on plaintiff's claim of damages and granted defendants' motion for sanctions, precluding plaintiff from introducing evidence of damages at trial, and otherwise granted relief to defendants, and from each and every interlocutory order entered in this action." In its pre-argument statement to the Court of Appeals, plaintiff contended that the Decision of this Court resulted in "practical finality." (GM Notice of Motion for Entry of Judgment, Exh. 4).

Moreover, plaintiff filed a petition to the Second Circuit for a writ of mandamus requiring this Court to vacate its Decision. In its papers accompanying that petition, plaintiff asserted that the Decision of this Court "effectively ended this lawsuit in favor of respondent since petitioner can only proceed to trial with *no* possibility of recovery of the damages it has undeniably suffered. This is, in effect, a final ruling, terminating petitioner's action in every realistic sense." (GM Notice of Motion for Entry of Judgment, Exh. 3) (emphasis in original). In addition, during a status conference held before this

Court, plaintiff's attorney described the effect of this Court's Decision as follows:

Your Honor, where we are as far as the plaintiff is concerned is that the plaintiff's case has been completely destroyed. We have filed a Notice of Appeal with the Second Circuit Court of Appeals on the theory that this is a final order, since this case has been ultimately resolved in—adversely to the plaintiff.

(GM Notice of Motion for Entry of Judgment, Exh. 1).

On June 17, 1993 Staff Counsel for the Court of Appeals sent plaintiff a Pre–Argument Conference Notice. A note on the Notice reads, "It appears that some of plaintiff's claims are still pending in the District Court. Absent certification, there is no appellate jurisdiction over a non-final decision, FRCP 54(b). The appeal must be withdrawn.... (There is no such thing as 'practical finality'.)." The appeal was subsequently withdrawn by plaintiff. On July 16, 1993 the Court of Appeals entered a Mandate denying plaintiff's petition for a writ of mandamus.

Meanwhile, on June 23, 1993, GM submitted a motion to stay proceedings related to a parallel lawsuit that plaintiff had pending in New York State Supreme Court, Erie County (Index No. 5898–93), in which plaintiff was asserting many of the same causes of action asserted in this federal lawsuit. Defendants White, VGM, Berggren, Kaczmarek, and Gurley joined in GM's motion for a stay. However, on September 16, 1993 New York State Supreme Court Justice Joseph D. Mintz entered an Order and Judgment dismissing plaintiff's state court action.

On June 2, 1993 plaintiff filed a motion pursuant to 28 U.S.C. § 1292(b) to certify this Court's Decision for appeal, to the extent that the Decision awarded defendants summary judgment on the issue of damages and precluded plaintiff from introducing evidence of damages at trial. In support of this motion, plaintiff has submitted a Memorandum in Support of Plaintiff's Motion for Certification for Appellate Review ("P. Memo"), and a Memorandum of Law in Opposition to Defendants' Motion to Enter Final Judgment and

in Reply to Defendants' Opposition to Plaintiff's Request for Certification ("P. Reply").

On June 23, 1993 defendant GM filed a motion for entry of judgment pursuant to Fed.R.Civ.P. 58. In the alternative, GM moved for entry of judgment on any individual claims that this Court finds have been finally resolved by its Decision. In support of its motion, GM submitted a Memorandum of Defendant General Motors Corporation in Support of its Motion to Enter Final Judgment and in Opposition to Plaintiff's Request for Certification ("GM Memo") and a Reply of Defendant General Motors Corporation in Support of its Motion for Entry of Judgment ("GM Reply"). On June 25, 1993 defendant White joined in GM's motion and opposition to plaintiff's motion for certification. White also submitted a Reply of Volvo White Truck Corporation in Support of Motion for Entry of Final Judgment ("White Reply"). On June 30, 1993 defendants VGM, Berggren, Kaczmarek, and Gurley joined in GM's motion and opposition to plaintiff's motion for certification. They submitted a Memorandum of Law ("VGM Memo") and a Reply Memorandum of Law in Support of Motion for Entry of Final Judgment ("VGM Reply").

During oral argument on February 2, 1994, counsel for the moving defendants advised this Court that they consent to withdrawing without prejudice their motion for a stay of state court proceedings, subject to resubmission in the event that plaintiff's counsel attempts to resurrect its state court lawsuit. Furthermore, this Court discussed with counsel the best methods of advancing this case in an expeditious fashion. It was agreed that, insofar as plaintiff still has pending demands for equitable and declaratory relief and punitive damages, the moving defendants will file subsequent summary judgment motions addressed to these issues.

This Court established a scheduling order pertaining to the anticipated motions. Consequently, the moving defendants have consented to withdrawing without prejudice their motions for entry of final judgment or, in the alternative, entry of partial judgment, pending this Court's determination of the anticipated summary judgment motions.

Therefore, all that presently remains for this Court's determination is plaintiff's motion for certification, which this Court now turns to address.

## DISCUSSION

*Plaintiff's Motion for Certification*

28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

In the present case, plaintiff moves this Court to certify for appeal the issues[3] of whether this Court properly granted defendants' motions for summary judgment on the issue of damages, and whether this Court properly ordered that plaintiff will not be able to introduce evidence of damages at trial, as a sanction for plaintiff's failure to supply damages information during discovery. Plaintiff's motion must be denied, because plaintiff has failed to show that there exists a substantial ground for difference of opinion regarding these matters.[4]

Plaintiff writes:

the order appealed from does not involve a controlling question of *law*. *See Harriscom Svenska, AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.").

---

3. Although this Court is aware that orders, not questions or issues, are properly certified according to 28 U.S.C. § 1292(b), *Isra Fruit Ltd. v. Agrexco Agric. Export Co. Ltd.*, 804 F.2d 24, 25 (2d Cir.1986), in this Decision this Court will occasionally refer to the alleged grounds for certification as "issues" for the sake of clarity.

4. Moreover, with regard to this Court's award of summary judgment to defendants on the issue of damages, it does not appear that certification is proper according to 28 U.S.C. § 1292(b) because

... [T]here undeniably exists substantial grounds for difference of opinion on whether the Order is justified and properly made. Without belaboring the point, plaintiff submits that there is no case decided and reported in American law, where, in advance of trial, summary judgment was *denied* to defendants on the issue of liability but *granted* to defendants on the issue of damages.

(P.Memo, p. 1) (emphasis in original). Furthermore, plaintiff writes in its Reply Memorandum:

Plaintiff has asserted that it is unable to find any case in American law where a defendant's summary judgment motion was denied on the merits of plaintiff's asserted causes of action but that plaintiff's meritorious causes of action were then *completely thwarted by a grant of summary judgment* to defendants on the issue of damages....

(P.Reply, p. 6) (emphasis added).

If plaintiff's research focused solely on cases in which the court undertook to "thwart" a party's case, its inability to find analogous case law would be understandable. However, when such motives are removed from consideration, as they must be in the present case, it becomes apparent that this Court's decision to award summary judgment to the moving defendants on the issue of damages is hardly unprecedented.

First of all, it should be noted that it is the "district court's function to resolve questions such as whether material factual disputes about damages exist...." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 559 (7th Cir.1985). Where the non-moving party cannot show that material issues regarding damages exist, a summary judgment proceeding is the functional equivalent of a trial. "[U]nder such circumstances a full-scale trial [on the issue of monetary damages] is neither necessary nor helpful." *Id.* *See also Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 666 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984) (summary judgment motion is substitute for trial where material facts are not in dispute).

In addition to the cases discussed in this Court's Decision and Order of May 3, 1993, this Court has found numerous cases where a court granted a defendant summary judgment on some or all of plaintiff's claims for damages despite the fact that the court determined that the plaintiff presented otherwise meritorious claims. In many cases, summary judgment was awarded because plaintiff had failed sufficiently to substantiate its damages in its response to the summary judgment motion. For instance, in *Morgan Creek Productions, Inc. v. Capital Cities/ABC, Inc.*, 1991 WL 352619 (C.D.Cal. 1991), plaintiff asserted trademark infringement and copyright infringement claims against a number of defendants, including defendant Capital Cities/ABC, Inc. ("Capital"). Defendants moved for summary judgment on these claims. Moreover, Capital moved for summary judgment on the issue of damages. Capital argued that plaintiff had failed sufficiently to establish the fact, causation, and amount of its alleged injuries. Capital argued that summary judgment in its favor was required because plaintiff had failed to offer expert testimony or other documents providing competent evidence from which a jury could have fairly estimated plaintiff's damages. Plaintiff disputed Capital's argument that plaintiff had failed to provide sufficient evidence to create a genuine issue of fact with regard to its damages.

Although the court held that genuine factual issues existed requiring a trial on each of plaintiff's claims for infringement, the court awarded summary judgment to Capital on the issue of plaintiff's claim for damages resulting from lost opportunity to capitalize on its trademark and/or copyright, and from lost merchandizing, ancillary marketing, and syndication opportunities. The court wrote:

Capital relies primarily on a Ninth Circuit holding that at summary judgment a plaintiff must provide specific facts on which a finder of fact could reasonably conclude that he actually suffered damages, caused by the defendant, in a quantifiable amount. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 808–809 (9th Cir.1988). A jury must not be "left to 'speculation or guess work' in determining the amount of damages to award." *Id.* at 808 (citation omitted).

*Morgan Creek* at *16. In fact, the court in *Morgan Creek* specifically stated, *"The summary judgment requirements outlined in Celotex and Anderson apply equally to the issue of damages." Id.* (emphasis added). The court determined that summary judgment was warranted on these damage claims, writing:

> The Court agrees with Defendant Capital that the first two areas of injury for which Plaintiff seeks damages—lost opportunity to produce and exploit a television series—are properly disposed of at summary judgment. Plaintiff has not even attempted to introduce evidence of lost profits and, indeed, it would be nearly impossible for Plaintiff to do so. The claim is simply too speculative.

*Id.* Although the court held that plaintiff had "offered sufficient evidence to withstand summary judgment" as to other damage claims, *id.,* the court precluded plaintiff from pursuing at trial its damage claims for lost opportunity to produce and exploit the subject of its alleged trademark and/or copyright.

■ Similarly, plaintiff in the present case failed to offer sufficient evidence to withstand summary judgment on its claim for damages. In fact, plaintiff's failure extended not only to certain damage claims, but to all of them. Therefore, this Court awarded the moving defendants summary judgment on the issue of damages. Plaintiff's claims for equitable and declaratory relief and punitive damages were not addressed in defendants' summary judgment motions, and remain viable, although further summary judgment motions are anticipated.

In *Smith v. Navistar Intern. Transp. Corp.,* 714 F.Supp. 303 (N.D.Ill.1989), *aff'd,* 957 F.2d 1439 (7th Cir.1992), plaintiff asserted a breach of warranty claim, and defendants moved for summary judgment on the issues of liability and damages. The court denied defendants' motion as to liability; in fact, the court later entered judgment against defendants for the purchase price of the goods purchased by plaintiff. However, the court awarded summary judgment to defendants on plaintiff's demand for consequential damages, finding that plaintiff had failed to submit sufficient proof of the damages that plaintiff alleged were provided under the Uniform Commercial Code.[5] The court wrote:

> ... Smith has failed to meet his burden in opposition to summary judgment as to damages. [FN 5] There are genuine issues of fact as to whether Navistar's alleged breach caused the warranty to fail of its essential purpose. Smith has presented evidence that he brought the truck to a dealer a number of times and the dealer failed to repair certain defects, including excessive noise and faulty back-up lights. However, Smith has presented no evidence that the parties intended that the defendants shoulder the burden of all consequential damages in the event that the seller failed to fulfill its duty to repair defects within a reasonable time or that Navistar's bargaining power so exceeded Smith's that the disclaimer was unconscionable. Indeed, Smith's experience in the industry makes a finding of unconscionability unlikely. In short, Smith has identified no evidence in the record from which a trier of fact could conclude that 'default of the seller [was] so total and fundamental as to require that its consequential damage limitation be expunged from the contract.' [citation omitted]

> [FN 5] The party with the burden of persuasion at trial bears the burden of presenting evidence in opposition to summary judgment. *Celotex Corp. v. Catrett,*

---

5. In some of the cases discussed in this Decision and Order, the various courts will discuss the particular damages recoverable for various statutory or common law claims, e.g., claims under the Uniform Commercial Code, the Illinois Deceptive Trade Practices Act and the Lanham Act, and claims for breach of contract. Similarly, in the present case, plaintiff filed a complaint asserting a number of federal and state statutory and state common law causes of action, which involve various measures of damages. Nonetheless, this Court's analysis of the summary judgment standards applicable to the present case is not affected by the various substantive damages considerations involved in those cases and in the present case. *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (discussing relationship between the summary judgment standard and substantive law).

477 U.S. 317 [321], 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

*Id.* at 308. *See also Kline v. Maritrans CP, Inc.,* 791 F.Supp. 455, 461–62 (D.Del.1992) (defendants' motion for summary judgment denied on the merits of plaintiffs' claim under the Jones Act, 46 U.S.C. § 688, but granted on the issue of damages for loss of society and future earnings; court required "supporting evidence" of loss of financial support to withstand summary judgment motion).

Another instructive case is *Joseph J. Legat Architects, P.C. v. United States Development Corp.,* 1991 WL 38714 (N.D.Ill.1991). In *Legat,* plaintiff asserted claims against defendants for copyright and trademark infringement, unfair competition, and violation of the Illinois Deceptive Trade Practices Act. Plaintiff moved for and was awarded summary judgment in its favor on each of these claims on the issue of liability. However, the court awarded summary judgment to defendants on many of plaintiff's damages claims. For example, the court held that, although plaintiff had an otherwise meritorious claim under the Lanham Act, plaintiff had failed to substantiate its claim for any consequent damages. As in the present case, the plaintiff in *Legat* attempted to avoid summary judgment by offering an affidavit from its corporate president. The court found the affidavit insufficient, writing:

Applying [authority regarding damages for trademark infringement], the Magistrate Judge noted that the only evidence of actual damage submitted by Legat was the affidavit of its president, Wayne Machnich. After carefully evaluating the affidavit, the Magistrate Judge rejected this evidence as speculative and insufficient to create a genuine issue of material fact as to actual damage.

Despite Legat's objections, we agree with the Magistrate's analysis of Legat's claims for actual damages under the Lanham Act. Legat has failed to produce any colorable evidence that it sustained actual damage.... Like the Magistrate Judge, we find Wayne Machnich's affidavit self-serving, speculative, and legally insufficient to create a genuine issue of material fact. Accordingly, we adopt this portion of the

Magistrate Judge's report, overrule Legat's objections, and enter summary judgment in favor of defendants on Legat's claims for actual damages under the Lanham Act.

*Id.* at *12. The court further explained that plaintiff could not "resist a motion for summary judgment merely by stating that whether [the relief demanded was] 'attributable to' [defendants'] infringement is a question of fact." *Id.* at *8.

In the present case, plaintiff attempted to counter defendants' motion for summary judgment on the issue of damages simply by proffering the affidavit of its president, Nelson Schule, which this Court found to be insufficient for a number of reasons. The damage estimates contained in the affidavit were merely speculative, and would not permit a jury to reach a reasonable estimate of plaintiff's alleged damages; the affidavit was based upon information that was not proffered by plaintiff; the affidavit did not even indicate that the information to which it referred was complete; the damage estimates included monetary awards to non-parties and was premised upon a legally impermissible measure of damages; and the affiant was, by his own admission, incompetent to conduct the types of valuations required to obtain a reasonable estimate of damages. As in *Legat,* the affidavit submitted by plaintiff was insufficient to withstand defendants' motion for summary judgment on the issue of damages.

The case of *Zirin Lab. Int'l, Inc. v. Mead–Johnson,* 208 F.Supp. 633 (E.D.Mich.1962), provides a strong precedent for the determinations made by this Court. In *Zirin,* defendants did not even seek summary judgment as to their liability; they moved for summary judgment only on the issue of damages, arguing that plaintiff's damage claims had an insufficient factual basis. Defendants referred to the deposition testimony of plaintiff's president, Benjamin Zirin, during which Zirin estimated plaintiff's damages at four million dollars. When asked by defendants' counsel to state the basis for that estimate, Zirin stated, "We feel we have suffered these damages." Counsel further inquired, "So it is a fact this estimate is nothing more than

your feeling?", and Zirin replied, "That is correct." *Id.* at 636. The court held that plaintiff had failed to offer proof sufficient to establish plaintiff's alleged damages with reasonable certainty. The court wrote:

> In the more than half a year since defendants filed their motion for summary judgment and brought to the attention of the court and of plaintiff the fact that Mr. Zirin stated in his deposition that the estimate of damages had no factual basis, plaintiff has had ample time to file affidavits or other materials with the court to refute or to explain Mr. Zirin's statement, but it has chosen not to do so. For the purposes of this motion, therefore, the court has no alternative but to accept Mr. Zirin's statement as true. Plaintiff's claim for damages is therefore legally unsupportable, and defendants' motion for summary judgment on the issue of damages must therefore be granted.

*Id.* This Court's Decision and Order of May 3, 1993 echoes this passage, where it states:

> Although plaintiff was not explicitly ordered to retain an expert witness, calculation of damages in this case is beyond the ken of the average juror, and appears to have been beyond the ken of Nelson Schule as well. As discussed above, calculation of antitrust damages is a particularly formidable task, and one at which plaintiff has entirely failed.
>
> Aside from expert witness reports, plaintiff was ordered during discovery to produce itemized damage statements, and to indicate the documents supporting its damage calculations. Plaintiff has failed to do so. Instead, plaintiff has submitted conclusory damage estimates that include damages for individuals who are not parties to this litigation, and that do not indicate the method of calculation. Therefore, plaintiff has utterly failed to support its damage claims by admissible evidence. This Court finds that defendants have thereby been prejudiced in their preparation of this case for trial, and for the present motions. Summary judgment will

therefore be awarded to defendants on the issue of damages. See *Peugeot Motors v. Eastern Auto Distrib.,* 892 F.2d 355, 360 (4th Cir.1989), *cert. denied,* 497 U.S. 1005, 110 S.Ct. 3242 [111 L.Ed.2d 752] (1990) ("We first note that Eastern has acknowledged that it can prove no damages with respect to that claim, so any part of the claim relating to damages will not be litigated.").

(Decision, p. 90).[6]

Likewise, in *Jones v. Superintendent,* 370 F.Supp. 488 (W.D.Va.1974), plaintiff brought an action under 42 U.S.C. § 1983, alleging violation of his civil rights by prison officials. Plaintiff sought damages in the amount of $10,000.00, alleging that, while he was an inmate at a state prison, he was deprived of meat substitutes during a period of solitary confinement. Plaintiff contended that, due to religious beliefs, he did not eat meat, but that prison officials denied him special meat substitutes that were ordinarily sent to him by his family. The court wrote, "[T]his court will not countenance depriving an inmate in isolation of a diet of the same caloric content as received by other isolation inmates by knowingly serving him food that he will reject, at least when the rejection is based upon religious grounds." *Id.* at 493. However, the court granted summary judgment to defendants on the issue of damages, writing, "... [T]he court realizes that while a wrong may have been done, [plaintiff] has not set forth any real injury or damage to himself, and his medical record reveals no injury.... Accordingly, no damages will be awarded, and summary judgment granted respondents on the issue of damages." *Id.*

Civil rights cases involving the issue of qualified immunity are instructive as to the issue of whether summary judgment may be granted solely on the issue of damages, despite an otherwise meritorious claim. In *Scoby v. Neal,* 981 F.2d 286 (7th Cir.1992), plaintiffs brought a § 1983 claim against a number of prison officers, alleging that their Fourth and Fourteenth Amendment rights

---

**6.** Although this paragraph refers to the prejudice that inured to defendants as a result of plaintiff's failure to disclose the damages information in accordance with this Court's orders, prejudice is not a factor in deciding a summary judgment motion, and it was not considered by this Court in awarding summary judgment to defendants on the issue of damages.

were violated by strip searches without probable cause. The district court held that the officers were entitled to qualified immunity, and awarded summary judgment in their favor on the issue of damages. That was not the end of the case, however, because plaintiffs had also demanded declaratory and injunctive relief against the officers. Although the court ultimately determined that plaintiffs were not entitled to such relief, the case demonstrates that a plaintiff may be precluded from recovering damages, notwithstanding the fact that the plaintiff may be entitled to a judgment of liability, and may be entitled to other remedies. Such is the posture of the present case.

■ This Court has also considered the cases cited by defendants in their opposition papers. These cases demonstrate the principle that a defendant may prevail on a motion for summary judgment where the plaintiff fails to provide evidence of damages, especially where damages are an essential element of a cause of action, such as breach of contract. Particularly instructive is *Strike It Rich, Inc. v. Schlitz Brewing Co.*, 505 F.Supp. 89 (D.D.C.1980). In that case, plaintiff sued defendant for infringement of a service mark. Defendant moved for summary judgment on all issues, arguing that (1) plaintiff's failure to present any factual basis for its damage claims precluded all relief; and (2) plaintiff had acquiesced in defendant's use of the service mark, and should have been estopped from obtaining relief. With regard to defendant's first argument, the court held that defendant had stated the issue too broadly. The court explained that equitable relief was still available to plaintiff; therefore, plaintiff's claims could not be dismissed *in toto*. With regard to defendant's second argument, the court held that plaintiff had not acquiesced in the defendant's use of the service mark, and was not estopped from claiming infringement.

However, despite the court's denial of defendant's motion for summary judgment on all issues, the court proceeded to grant defendant's motion for summary judgment on the issue of damages, due to plaintiff's "complete indifference to the need to provide substantial evidence for its claims of damage." *Id.* at 92.

■ The *Strike It Rich* case plainly refutes plaintiff's statement that there are no reported cases in which summary judgment was denied to defendant on the issue of liability, but awarded to defendant on the issue of damages. Plaintiff attempts to distinguish *Strike It Rich* by arguing:

The basis for that finding is much different from the facts presented here. There, plaintiff ignored repeated warnings from the court, presented no deposition or interrogatory response evidence, presented no facts or no documentary support for its damages claims. Here, plaintiff has turned over every single tax return, financial statement and other financial record pertaining to the condition of its destroyed company to the defendants. Here, plaintiff has submitted its controller and its outside accountant for deposition on the question of damages, as well as the principals of plaintiff who testified to damage matters within their knowledge. Here, plaintiff has permitted free access to its premises to defendant and free access to all its books, records and other documents, with defendants having removed most of those documents from plaintiff's premises and having retained them for a period of nearly three years. Here, plaintiff disobeyed neither any federal rule nor any direction of the court to comply with any discovery device. Here, plaintiff, on three days notice, one of which was Christmas Day, complied with the court's order to "correspond to counsel" concerning a damage interrogatory by providing the extensive affidavit of its chief executive officer detailing its damage claims.

This is utterly irrelevant. What is important in connection with defendants' motion for summary judgment on the issue of damages is that plaintiff failed to respond to the motions by providing sufficient evidence of its damages *to this Court* in the manner required by Fed.R.Civ.P. 56. For instance, plaintiff refers to deposition testimony provided by Nelson Schule. As noted in this Court's Decision and Order of May 3, 1993, plaintiff failed to attach that deposition testi-

mony to or otherwise incorporate it into its responding papers. Therefore, this Court refused to consider that deposition testimony.

Arguments such as these make it clear that plaintiff fundamentally misapprehended its role in responding to defendants' properly supported motions for summary judgment according to Rule 56. This misapprehension is further illustrated in plaintiff's Reply Memorandum, where it writes:

Celotex v. Catrett is a case involving not a failure of a damage claim, but a failure of a wrongful death asbestos suit plaintiff to produce evidence on a summary judgment motion to show that decedent was exposed to defendants' asbestos products. The case is instructive because of the Supreme Court holdings that there is no requirement that a non-moving party on summary judgment supply an affidavit and, further, that there is no requirement that a non-moving party must produce evidence in form admissible in order to avoid summary judgment. Here, summary judgment on damages has been granted against plaintiff by reason of supposed deficiencies in the affidavits supplied on the issue of damages in connection with the summary judgment motion. United States Supreme Court hold [sic] that it is not even necessary to supply an affidavit. Further, this Court has ruled that we have failed to provide evidence in form admissible on the question of damages. The United States Supreme Court holds that is not a requirement.

(P.Reply, p. 5).

It appears that plaintiff is relying on a portion of the majority opinion in Celotex where the Court wrote, "We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment." 477 U.S. at 324, 106 S.Ct. at 2553. However, in this statement the Supreme Court was "referring to the other means enumerated in Rule 56(c) for persuading the court that summary judgment is inappropriate including affidavits, which are evidence produced in a form that would not be admissible at trial."

Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987). The statement should not be read as meaning that inadmissible evidence is sufficient to avoid summary judgment if that evidence is not allowed by Rule 56(c). Id. (holding that unauthenticated documents cannot be relied upon to defeat a motion for summary judgment). See also Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir.1991) (providing a comprehensive analysis of the significance of the quoted language in Celotex); United States v. That Certain Real Property Located at 632–636 Ninth Ave., Calera, Alabama, etc., 798 F.Supp. 1540, 1555 (N.D.Ala.1992) (same; and refusing to consider hearsay document attached to affidavit submitted by nonmovant); Zayre Corp. v. S.M. & R. Co., Inc., 882 F.2d 1145, 1148–50 (7th Cir.1989); Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir.1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial.") (emphasis added); Financial Timing Publications, Inc. v. Compugraphic Corp., 893 F.2d 936, 942 n. 6 (8th Cir.1990), declined to follow on other grounds, Chicago Ins. Co. v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc., 929 F.2d 372 (8th Cir.1991); Security Pacific Mortgage and Real Estate Serv's. Inc. v. Canadian Land Co. of America, N.V., 690 F.Supp. 1214, 1226 (S.D.N.Y.1988), aff'd, 891 F.2d 447 (2d Cir.1989); Atkins v. Board of School Comm'rs of the City of Indianapolis, 830 F.Supp. 1169, 1177 (S.D.Ind.1993); Washington Central R. Co., Inc. v. National Mediation Bd., 830 F.Supp. 1343, 1353–55 (E.D.Wash.1993). But see Williams v. Borough of West Chester, 891 F.2d 458, 465–66 n. 12 (3d Cir.1989) (hearsay evidence produced in opposition to summary judgment motion may be considered if evidence could later be reduced to a form that "would be admissible at trial."); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1444 (11th Cir.1991) (same); Catrett v. Johns–Manville Sales Corp., 826 F.2d 33, 38 and notes 12 and 13 (D.C.Cir.1987).[7]

---

7. Compare Kimberlin v. Quinlan, 6 F.3d 789, 797

n. 15 (D.C.Cir.1993) ("While it is not necessary

In *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506 (2d Cir.1989), the Second Circuit awarded summary judgment to the moving defendant in a breach of contract case, writing:

> Therefore, in order to survive [defendant's] motion for summary judgment, it was incumbent upon appellants to identify *sufficient admissible evidence* ... so as to demonstrate that there existed a genuine issue of material fact.... *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Union Ins. Soc. v. William Gluckin & Co.*, 353 F.2d 946, 952 (2d Cir.1965) (evidence relied upon in affidavits in opposition to summary judgment must be admissible); Fed.R.Civ.P. 56(e) ("[s]upporting and opposing affidavits ... shall set forth such facts as would be admissible in evidence").

*Id.* at 510 (emphasis added). Furthermore, the Second Circuit favorably cited New York State case law in describing the summary judgment standard, writing, "In light of the failure of the defendants to submit evidentiary proof in admissible form ..., it has not made a sufficient showing to defeat the plaintiff's motion for summary judgment." *Id.* (quoting *Lighting Horizons, Inc. v. E.A. Kahn & Co.*, 120 A.D.2d 648, 649, 502 N.Y.S.2d 398, 399 (2d Dept.1986)). It is apparent from the Second Circuit's holding in *Trebor* that the court has interpreted the quoted language of *Celotex* in the same way that the Ninth Circuit did in *Canada*. In *Trebor*, the court held that documents submitted in opposition to a summary judgment motion were properly disregarded by the district court under Fed.R.Evid. 408 because they constituted inadmissible evidence of a settlement offer. In dissent, Judge Oakes recommended a different result; however, he also evaluated the admissibility of the documents under Rule 408.

The analysis undertaken by both the majority and dissent in *Trebor* is consistent with the express language of Fed.R.Civ.P. 56, as well as controlling Supreme Court precedent. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), in which the Court "clearly thought there was no admissible evidence to support plaintiff's claim and would have affirmed the granting of summary judgment but for the finding that [defendant] had not met its initial burden." Melissa L. Nelken, *One Step Forward, Two Steps Back: Summary Judgment after Celotex*, 40 HASTINGS L.J. 53, 70 n. 87 (1988). This analysis has also been adopted in persuasive commentary. *See* Gerald N. Capps, *Civil Procedure—Requirement of Affirmative Evidence by Party Moving for Summary Judgment—Celotex Corp. v. Catrett*, 35 KAN.L.REV. 831, 845 (1987) ("It is inconceivable that the Court would expressly grant trial judges the power to consider inadmissible evidence."); Gary T. Foremaster, *The Movant's Burden in a Motion for Summary Judgment*, 1987 UTAH L.REV. 731 (1987); Hon. William W. Schwarzer, *Summary Judgment and Case Management*, 56 ANTITRUST L.J. 213 (1987).

This understanding of the nonmoving party's burden in responding to a summary judgment motion is consistent with one of the principal purposes of Rule 56, i.e., "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553. This can only be accomplished by requiring the nonmovant to come forward with evidentiary proof that would be sufficient to permit a jury to find in its favor. Although the trial court is not to determine issues of fact, weigh the evidence, or evaluate the credibility of anticipated witnesses, summary judgment is nonetheless intended to avoid unnecessary trials. As the Second Circuit wrote in *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991):

> Summary judgment is appropriately granted when there is no genuine issue as to any material fact and when, based upon facts not in dispute, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 [106 S.Ct. 2548, 2552–53, 91

---

that 'the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment,' *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553, 'normally'

hearsay 'would not be enough to raise an issue of fact for summary judgment purposes....' " (citation omitted).)

L.Ed.2d 265] (1986). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). Only when reasonable minds could not defer to the import of the evidence is summary judgment proper. *See id.* at 250–51 [106 S.Ct. at 2511–12]. Once the movant has established a *prima facie* case demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor. . . .

In this way, the summary judgment standard parallels the standard for deciding a motion for judgment as a matter of law at the end of plaintiff's case, pursuant to Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511; *Piesco v. Koch*, 12 F.3d 332, 341–42 (2d Cir.1993) (". . . [W]hen we have reversed the granting of summary judgment, the district court cannot properly grant judgment as a matter of law on the basis of trial evidence that is not substantially different."). Congruently, the focus at the summary judgment stage must be on the evidence adduced by the parties that would properly be considered by a factfinder.

■ Permitting a nonmovant to defeat summary judgment by introducing only evidence that would be "reducible" to admissible form at trial would not promote judicial economy, but would instead require the courts to resolve tangential disputes regarding the feasibility of "reducing" the parties' evidence to admissible form.[8] Any other interpretation of Rule 56 would

. . . destroy any incentive . . . to put evidence into admissible form prior to trial, and to diminish the utility of pretrial efforts to narrow and isolate the factual issues to be tried. Furthermore, read in its broadest sense, the [*Celotex* ] Court's decision may inevitably lead to pointless trials where anticipated factual disputes fail to

materialize because admissible evidence ultimately cannot be produced.

Capps, *supra*, at 845. *See also Catrett v. Johns–Manville Sales Corp.*, 826 F.2d at 42 (Bork, J., dissenting), in which Judge Bork expressed concern that an interpretation of Rule 56 that would permit the nonmoving party to defeat summary judgment by relying on evidence in inadmissible form would

. . . make decisions on summary judgment both more difficult and more uncertain because [that] rationale suggests that trial judges must consider various permutations of vague and inadmissible evidence in reaching those decisions. This indicates that the "directed verdict" standard for evaluating summary judgment motions does not apply only to the evidence currently before the trial court on the motion for summary judgment but also to evidence that may emerge in the later course of the proceedings. That amounts to an automatic and unrequested extension of the time that is available for plaintiff to produce admissible evidence. This approach represents a departure from the Supreme Court's admonition that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.' " *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1).

■ Although at the summary judgment stage all inferences must be drawn in the nonmovant's favor, summary judgment is most effective as a "procedural tool" when it prevents a party with insufficient admissible evidence as to an essential element of its case from needlessly prolonging the litigation, only to lose at trial due to the same dearth of admissible evidence. *Capital Imaging v. Mohawk Valley Medical Assoc.*, 996 F.2d 537, 541 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 388, 126 L.Ed.2d 337 (1993). Requiring the parties to lay at least some of

---

8. Rule 56(f) ensures that a party will have sufficient time to "reduce" its evidence to admissible form *before* the summary judgment determination is made by the court. *See, generally*, Law-

rence W. Pierce, *Summary Judgment: A Favored Means of Summarily Resolving Disputes*, 53 BROOK.L.REV. 279, 287–88 (1987).

their cards on the table, in admissible form (except as provided by Rule 56(c)), has always been the best means of preventing a party from bluffing its way through the game, only to fold at the end.·

The views of this Court regarding the proper standards to be applied in reviewing a motion for summary judgment are perhaps best crystallized in the Fourth Circuit's recent decision in *Mitchell*, 12 F.3d 1310, where the court wrote:

> Federal Rule of Civil Procedure 56, directing that summary judgment be entered when a moving party shows "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law," provides a procedure with which to bypass a trial when the fact resolution process of trial would prove to be of no use in the disposition of the case. The rule structures an analysis of proffered proof that provides a forecast of the need for a trial. Thus, when the parties submit admissible evidence on the issue in question under a summary judgment motion, the court can determine that a trial is unnecessary only if either the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question. The Supreme Court has long held that judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)). The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial. The standard is virtually the same as that applied at trial when considering a motion for judgment under Federal Rule of Civil Procedure 50. *See Anderson*, 477 U.S. at 247–52, 106 S.Ct. at 2509–12 (holding that a motion for summary judgment should be granted when the proof, taken in the form admissible at trial and resolving all factual doubts in favor of the non-moving party, would lead a reasonable juror to but one conclusion). In short, the summary judgment procedure allows the court to forecast the proof at trial to determine whether consequential facts are in dispute, and if not, to resolve the case without a trial.

*Id.* at 1315–16.

■ This Court has reviewed the summary judgment standards in such considerable detail not so much to explicate this Court's award of summary judgment to defendants on the issue of damages, but to instruct the parties as to the burdens to which they will be held in connection with future summary judgment motions. Clearly, this Court did not find against plaintiff on the issue of damages only because affidavit exhibits were not proffered in admissible form. This Court noted that the settlement letter referred to in the Schule affidavit was not even attached to that affidavit or plaintiff's other opposition papers, as required by Rule 56(e). Furthermore, plaintiff's evidence regarding damages was not admissible in any sense because it was not competent, and it was not relevant because it purported to estimate damages using improper periods of time and included impermissible elements of damages. Foremost, the information failed to estimate damages to a reasonable degree of certainty. Therefore, plaintiff's evidence submitted in opposition to defendants' summary judgment motions was not even "reducible" to admissible form, and was not probative.

Plaintiff correctly notes in its Reply that there is no requirement that the nonmoving party submit an affidavit in opposition to a summary judgment motion. 10A Charles A. Wright, Mary Kay Kane & Arthur R. Miller, *Federal Practice and Procedure*, § 2722 (1983). In the present case, however, defendants met their summary judgment burden by indicating that plaintiff did not have a sufficient factual basis for its damages claims. In response, all that plaintiff relied upon was an affidavit, and a reference therein to a settlement letter. This Court deter-

mined that this proffer was insufficient to avoid summary judgment against plaintiff on the issue of damages. This Court is admittedly puzzled about what plaintiff means when it writes that it did not even have to submit an affidavit.

Finally, this Court does not believe that plaintiff has shown that there exists a substantial ground for difference of opinion regarding this Court's order that plaintiff will not be permitted to introduce evidence of damages at trial, as a sanction for plaintiff's failure to supply damages information during discovery. The order was a proper exercise of this Court's discretion, due to this Court's finding that plaintiff had failed to comply with Fed.R.Civ.P. 26 and 37, the Local Rules in this District, and this Court's calendar guidelines regarding discovery orders.

### CONCLUSION

For the reasons discussed above, and in accordance with 28 U.S.C. § 1292(b), this Court will deny plaintiff's motion to certify this Court's Decision and Order of May 3, 1993, to the extent that the Decision awarded defendants summary judgment on the issue of damages and precluded plaintiff from introducing evidence of damages at trial.

### ORDER

IT HEREBY IS ORDERED that plaintiff's motion for certification is DENIED, pursuant to 28 U.S.C. § 1292(b).

FURTHER, that defendants' motions for a stay of parallel state court proceedings pursuant to 28 U.S.C. § 2283 are deemed to be withdrawn as moot, without prejudice, subject to re-submission in the event that plaintiff attempts to resurrect its state court lawsuit.

FURTHER, that defendants' motions for entry of final judgment, pursuant to Fed.R.Civ.P. 58 or, in the alternative, for entry of partial judgment, pursuant to Fed.R.Civ.P. 54(b) are deemed to be withdrawn, pending a determination of the anticipated motions for summary judgment on the issues of equitable and declaratory relief and punitive damages.

SO ORDERED.