Chiropractic Longevity, P.C., as Assignee of Hajar Abada, Dilshod Komilov, Omar Nyami-Morabit, Respondent,
against
Global Liberty Insurance Company of New York, Appellant. 




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Petre and Zabokritsky, P.C. (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie Montalbano, J.), entered May 11, 2018. The order, insofar as appealed from as limited by the brief, denied defendant's motion to sever the first cause of action, seeking to recover upon a claim for services rendered to Hajar Abada, from the remaining causes of action and granted the branch of plaintiff's cross motion seeking summary judgment upon the first cause of action.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to sever the first cause of action, seeking to recover upon a claim for services rendered to Hajar Abada, from the remaining causes of action. Plaintiff cross-moved for summary judgment. By order entered May 11, 2018, the Civil Court denied defendant's motion seeking to sever the first cause of action and granted plaintiff's cross motion for summary judgment. Defendant appeals, as limited by its brief, from so much of the order as denied its motion seeking to sever the first cause of action from the remaining causes of action and granted the branch of plaintiff's cross motion seeking summary judgment upon the first cause of action.
As defendant's appeal presents no argument with respect to so much of the order as granted the branch of plaintiff's cross motion seeking summary judgment upon the first cause of action, defendant failed to establish a basis to disturb that portion of the order. In light of the foregoing, defendant's contention that its motion seeking to sever the first cause of action from the remaining causes of action should have been granted is moot (see Lighting Horizons v Kahn & Co., 120 AD2d 648 [1986]; Charles Deng Acupuncture, P.C. v 21st Century Ins. Co., 58 Misc 3d 128[A], 2017 NY Slip Op 51720[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019