**ZIRIN LABORATORIES INTERNATIONAL, INC., Plaintiff,**

v.

**MEAD–JOHNSON & COMPANY, McKesson & Robbins, and Lambert & Lowman Incorporated, Defendants.**

Civ. No. 21365.

United States District Court
E. D. Michigan, S. D.

June 28, 1962.

Cullen, Sloman & Cantor, Detroit, Mich., for plaintiff.

Woodson, Pattishall & Garner, Chicago, Ill., and Harness, Dickey & Pierce, Detroit, Mich., for defendants.

TALBOT SMITH, District Judge.

1. Plaintiff's complaint, as first amended, was an action to recover damages caused by defendants' alleged trademark infringement and unfair competition. Plaintiff alleged that defendants' product, METRECAL, is an imitation of plaintiff's products NATURCAL and NATROCAL. Defendants moved for summary judgment under Fed.Rules Civ. Proc. Rule 56(b), 28 U.S.C.A., on the ground that plaintiff's President, Mr. Benjamin Zirin, admitted in his deposition of September 14, 1961, that plaintiff had not been damaged by defendants' conduct.

2. Plaintiff subsequently asked leave of the court to further amend its complaint. Leave was granted, and plaintiff's second amended complaint was filed. This amendment added to the claim for damages a prayer for injunctive relief and an award of defendants' profits. Defendants' motion has therefore been transformed into a motion for partial summary judgment, addressed only to that part of the second amended complaint which reiterates plaintiff's demand for damages.

3. During the taking of Mr. Zirin's deposition, counsel for defendants asked him to particularize as to the "loss of sales and loss of customers" which the complaint says resulted from defendants' conduct. His reply was: "I can't recall." He was also asked to describe any instance where defendants' product had been "palmed off" as plaintiff's products, as charged in the complaint. Again, the reply was: "I can't recall." Mr. Zirin was unable to recall a single instance in which METRECAL was even sold in competition with NATURCAL or NATROCAL.

4. Defendants argue that these equivocal and obviously unsatisfactory answers constitute an admission by plaintiff that it has not been damaged by defendants' manufacture and sale of METRECAL and that defendants are therefore entitled to summary judgment on the issue of damages. Plaintiff contends, on the other hand, that Mr. Zirin's inability to recall any specific instances of lost sales or customers when asked "out of a clear sky" is by no means an admission that plaintiff has not suffered any such damages. Plaintiff vigorously contends that it "has a right to wait for the trial to prove damages" and has chosen not to avail itself of the opportunity to convince the court, by affidavits or other means, that a genuine issue of material fact exists on this question.

5. The weak point of defendants' argument is that it requires the court to make the inference, from Mr. Zirin's inability to recall any instances of damage, that no such damage in fact existed.

This court believes that, as a general rule, such an inference should be made, if at all, by the trier of fact, and not by the court on a motion for summary judgment. As well-put in 6 Moore, Federal Practice § 56.11[6], at 2080 (2d ed. 1953):

"Rule 56(c) includes 'admissions on file' within its enumeration of materials that may be considered on a motion for summary judgment. This is quite proper for if a party has admitted certain facts that are admissible in evidence there is then no triable issue as to these matters. But courts should avoid turning an inference, which the trier of facts might draw, into an admission, and should insist that the statement or conduct of the party clearly measures up to an admission in the case at bar."

Where a party's pleadings, depositions, and other materials filed with the court suggest the existence of a fact fatal to his cause of action or his defense, but the inference, however strong, is merely permissive and not conclusive, established discovery procedures provide the opposing party with adequate tools to remove the cloud of doubt surrounding the inferred fact before he brings his motion for summary judgment.

■ 6. In the case at hand there can be no doubt that the statements made by Mr. Zirin in his deposition suggest very strongly that his company, in fact, suffered no damages as the result of the activities of the defendants, but the astute and persistent interrogation by defendants' counsel failed to induce Mr. Zirin to make an unequivocal statement to that effect. In view of plaintiff's allegation that it has been damaged in the rather substantial amount of some four million dollars, one cannot help wondering how it is possible that its chief executive officer, indeed the only active officer of what appears to be a one-man corporation, should be unable to recall even a single instance in which defendants' infringements and other unlawful activities adversely affected his corporation.

But considering the frailty of the human memory and the stresses and strains of an adversary deposition proceeding, it is not incredible that Mr. Zirin should have, in truth, been unable to recall such instances without referring to his books and records. Defendants could have quickly and easily dispelled the doubts surrounding the question as to whether plaintiff's damages were, in fact, nonexistent, by addressing appropriate interrogatories to plaintiff. Defendants have chosen instead to bring the present motion for summary judgment. For the reasons given in the preceding paragraph, this court does not believe that summary judgment should be granted in favor of defendants on the basis of plaintiff's alleged "admissions". It should be noted that this is not a case in which defendants' motion is accompanied by an affidavit alleging facts which, if true, would be fatal to plaintiff's case, in which event it cannot be disputed that it would be incumbent upon the plaintiff, if it wished to stay in court, to come forward with counter-affidavits or other materials which would convince the judge that there is a genuine issue as to those facts. This is, rather, a case where the fact fatal to plaintiff's cause of action is stated by defendants to have been admitted by plaintiff, but where the supposed admission is not express but is present only as a permissive inference, albeit a strong and persuasive one. If this were the only ground upon which defendants rested their motion for summary judgment, it would have to be denied.

■ 7. As defendants pointed out in their memorandum of November 20, 1961, it is well-established that a plaintiff is not entitled to an award of damages unless both the fact of damage and the amount of damage are established with reasonable certainty; neither may properly be based upon mere speculation, guess, or conjecture. Keogh v. Chicago & Northwestern R. Co. (1922), 260 U.S. 156, 164, 43 S.Ct. 47, 67 L.Ed. 183; Story Parchment Co. v. Paterson Co. (1931), 282 U.S. 555, 563, 51 S.Ct. 248, 75 L.Ed. 544. The preceding paragraphs of this

opinion have been concerned with the fact of damage; we shall now address ourselves to the question of the amount of damage.

8. Defendants urge, as a second ground for their motion for summary judgment, that plaintiff's president admitted in his deposition that the amount of damages claimed to have been suffered has no factual basis but is founded on plaintiff's "feeling" that damages in the amount of four million dollars have been suffered. As reported at page 61 of Mr. Zirin's deposition, counsel for defendants asked him to state the basis for plaintiff's claim for damages in that amount, to which Mr. Zirin replied: " * * * We feel we have suffered these damages." Counsel then asked: "So it is a fact this estimate is nothing more than your feeling?" Mr. Zirin replied: "That is correct." In pointed contrast to Mr. Zirin's ambiguous inability to recall instances of damage, his unequivocal statement regarding the estimated amount of damages is that it has no factual basis but merely represents his "feelings" as to the amount of damage suffered by plaintiff. As used in this context, Webster's New Collegiate Dictionary defines "feeling" as an "unreasoned opinion." It would appear that "feeling" falls somewhere below "conjecture" and "guess" when measured by a rational standard, since the same authority says that the latter two words may imply the use of some reasoning power, albeit defectively: "Conjecture implies formation of an opinion or judgment upon insufficient evidence; * * * guess stresses a hitting upon a conclusion either at random or from very uncertain evidence." If damages may not be estimated by guess or conjecture, a fortiori they may not be arrived at by a mere "feeling".

9. In the more than half a year since defendants filed their motion for summary judgment and brought to the attention of the court and of plaintiff the fact that Mr. Zirin stated in his deposition that the estimate of damages had no factual basis, plaintiff has had ample time to file affidavits or other materials with the court to refute or to explain Mr. Zirin's statement, but it has chosen not to do so. For the purposes of this motion, therefore, the court has no alternative but to accept Mr. Zirin's statement as true. Plaintiff's claim for damages is therefore legally unsupportable, and defendants' motion for summary judgment on the issue of damages must therefore be granted.

Summary judgment on the issue of damages is hereby granted to defendants.