In re Bernard Roy BEAIR and
Mary M. Beair, Debtors.

Bernard Roy BEAIR, Plaintiff,

v.

Clifford POLHAMUS, Defendant.

Bankruptcy Nos. 93–3294, 93–30313.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 28, 1994.

Nancy S. Schramski, Lima, OH, for plaintiff.

Cliff Polhomus, defendant/pro se.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Complaint Citation in Contempt of Court and Defendant's Answer. At the Trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the arguments of counsel, exhibits, relevant statutory and case law, as well as the entire record in the case. Based upon that review and for the following reasons, this Court finds that pursuant to 11 U.S.C. § 362, Defendant's act in repossessing Plaintiff's truck constitutes a violation of the automatic stay; and that pursuant to 11 U.S.C. § 362(h), Plaintiff is entitled to an award of damages, including attorney fees and/or expenses, resulting therefrom.

### FACTS

Debtors filed a Petition for relief under Chapter 7 of the Bankruptcy Code on February 4, 1993. One (1) of the secured creditors listed on Schedule D is Cliff Polhamus, a.k.a. Clifford Polhamus, Jr., (hereafter "Defendant") from whom Plaintiff purchased a 1982 Freightliner Tractor Truck (hereafter "Freightliner") in June of 1992, for the sum of Twenty Four Thousand Five Hundred and 00/100 Dollars ($24,500.00). Defendant ac-

cepted as a down payment the transfer of two (2) trucks, namely, a 1974 and 1980 International, valued at Four Thousand Five Hundred and 00/100 Dollars ($4,500.00) and Four Thousand Two Hundred Sixty-five and 00/100 Dollars ($4,265.00) respectively. Plaintiff signed a promissory note in the amount of Nineteen Thousand Two Hundred Dollars ($19,200.00) for the remaining balance.

Plaintiff asserts that the promissory note was unilaterally prepared by Defendant and that the note does not reflect the agreement between the parties. However, the parties agree that pursuant to the note, Plaintiff agreed to make a payment of Eight Hundred Dollars ($800.00) on the first day of each succeeding month. Nine (9) of these payments were made in cash or by check and one (1) was made by transferring possession of a trailer to Defendant. Plaintiff failed to make the April 1, 1993 payment and on April 15, 1993, Defendant repossessed the truck.

At the Trial, Plaintiff testified that he suffered several significant economic losses as a result of Defendant's repossession. First, Plaintiff used the truck to haul goods for Combined Transport Systems, Incorporated (hereafter "Combined Transport") and other trucking companies. As a result of Defendant's repossession, Plaintiff's "lease" with Combined Transport was terminated and Plaintiff's earnings decreased to Five Thousand and 00/100 Dollars ($5,000). According to Plaintiff, the marked decrease in income precipitated Plaintiff's loss of real property valued at Five Thousand and 0/100 Dollars ($5,000.00).

Second, Plaintiff claims that he earned approximately Sixty Nine Thousand and 00/100 Dollars ($69,000.00) during 1992. In contrast, between January, 1993 and February, 1993, Plaintiff earned gross income of approximately Fifteen Thousand and 00/100 Dollars ($15,000.00). From these earnings, Plaintiff paid for truck engine repairs totalling One Thousand Six Hundred and 00/100 Dollars ($1,600.00). Plaintiff asserts that the repairs resulted from Defendant's misrepresentation that the engine had only Fifty Thousand (50,000) miles. When the engine "blew", the mechanic who repaired the truck estimated that the engine had over Eight Hundred Thousand (800,000) miles on it.

Third, Plaintiff testified that Defendant habitually accepted his tardy truck payment without complaint or demand for a late fee. Prior to Defendant's repossession of the truck, Plaintiff advised Defendant that he had not received his paycheck. Plaintiff maintains that if Defendant had apprised him that the late payment was no longer acceptable, he would have borrowed the money as he had done in the past.

Fourth, when repossessing the truck, Defendant also took Plaintiff's personal property, including a CB radio and shaving kit, and professional tools including chains and other mechanical gear used to secure a load. Plaintiff was forced to rent a trailer; go to Defendant's house; and retrieve his property. The cost of renting the trailer was Two Hundred Two and 00/100 Dollars ($202.00).

Fifth, Plaintiff's attorney has billed him Nine Hundred and 00/100 Dollars ($900.00) for legal fees and representation in this matter.

Plaintiff seeks compensatory damages of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) for equity in the repossessed truck; Two Hundred Two and 04/100 Dollars ($202.04) for the cost of renting the trailer; One Hundred Forty Thousand and 00/100 Dollars ($140,000.00) in lost income; Five Thousand and 00/100 Dollars ($5,000.00) in lost real property; and Nine Hundred and 00/100 Dollars ($900.00) in attorney fees and expenses. Plaintiff did not request punitive damages.

Defendant testified that Plaintiff should not recover compensatory damages for the reason that Plaintiff breached his duty to Defendant to make payments and keep insurance on the truck in Defendant's name. Further, Defendant claims that when he repossessed the truck, he was not aware that Plaintiff had filed for bankruptcy relief. Although Defendant stated that he knew Plaintiff had borrowed money from a friend in the past to make payments, Defendant failed to comment on Plaintiff's allegations regarding the repairs to the trucks, its mileage, or road worthiness.

## LAW

**11 U.S.C. § 362.**

**§ 362. Automatic Stay.**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

**11 U.S.C. § 330.**

**§ 330. Compensation of Officers.**

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to ... the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

**Rule 9006. Time.**

(e) **Time of Service.** Service of Process and service of any paper other than process or of notice by mail is complete on mailing.

## DISCUSSION

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and this Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1334.

There are three (3) issues before the Court. First, whether Defendant violated the automatic stay when he repossessed Plaintiff's truck on April 15, 1993. Second, whether Defendant is liable for damages, if any, emanating from the repossession of Plaintiff's truck. Third, whether Defendant is liable to Plaintiff for attorney fees and expenses.

**I.** **DEFENDANT'S ACT OF REPOSSESSING PLAINTIFF'S TRUCK IS VIOLATIVE OF THE AUTOMATIC STAY.**

▆▆▆▆ Section 362(h) of the Bankruptcy Code provides that when a creditor willfully violates the automatic stay, the injured party may recover actual damages, including costs and attorneys' fees. Actions taken in violation of the stay imposed under 11 U.S.C. § 362 are invalid and voidable and shall be voided absent limited equitable circumstances. *Easley v. Pettibone Michigan Corporation,* 990 F.2d 905 (6th Cir.1993). The protection of the stay is unavailable only when the debtor unreasonably withholds notice of the stay, prejudicing the debtor's ability to raise the stay as a defense; or when the debtor attempts to use the stay unfairly as a shield to avoid an unfavorable result. *Id.* at 911.

▆▆▆▆ The protection of the stay was invoked when Plaintiff filed for relief under Chapter 7 on February 4, 1993. Plaintiff failed to make his April 1, 1993 installment payment and on April 15, 1993, Defendant, without relief from stay, repossessed Plaintiff's 1982 Freightliner Truck. Defendant claims that he was justified in repossessing Plaintiff's truck since he never received notice that the Plaintiff had filed bankruptcy.

This Court takes judicial notice of its own record and finds that Defendant was listed as a Creditor; the Relief from Stay was forwarded to Defendant through the Clerk's Office of the Bankruptcy Court; and the Relief from Stay forwarded to Defendant was

not returned to this Court. Service of the notice was deemed complete upon mailing. *See* Bankruptcy Rule 9006. Therefore, Defendant's act in repossessing Plaintiff's truck constitutes a willful violation of the stay and is invalid. Defendant's act in repossessing the truck is likewise void since Plaintiff did not attempt to use the stay unfairly to avoid an unfavorable result nor did he withhold the stay to prejudice Defendant's rights.

## II. PLAINTIFF IS ENTITLED TO DAMAGES RESULTING FROM DEFENDANT'S VIOLATION OF THE STAY.

■ Under 11 U.S.C. § 362(h), an individual injured by any willful violation of the stay shall recover actual damages, including costs and attorneys' fees. A bankruptcy court's decision regarding the amount of damages is a factual finding and will not be disturbed unless the finding is clearly erroneous. *Archer v. Macomb County Bank,* 853 F.2d 497 (6th Cir.1988).

■ The person seeking an award of damages must prove actual damages with some degree of certainty. *Id.* at 499 (*citing John E. Green Plumbing & Heating Co., v. Turner Construction Co.,* 742 F.2d 965, 968 (6th Cir.1984), *cert. denied* 471 U.S. 1102, 105 S.Ct. 2328, 85 L.Ed.2d 845 (1985)). A damage award must not be based upon mere speculation, guess, or conjecture. *Id.* at 499 (*quoting Zirin Laboratories Intern. Inc., v. Mead–Johnson & Co.,* 208 F.Supp. 633 (E.D.Mich.1962)).

■ In the case at bar, Plaintiff has proven that he lost the lease with Combined Transport after Defendant repossessed his truck. However, he speculates that as a result of the repossession, he lost income totalling One Hundred Forty Thousand and 00/100 Dollars ($140,000.00). What Plaintiff has failed to prove is the actual amount of lost wages and that the losses are caused solely by Defendant's repossession of the truck. Undoubtedly, Plaintiff's income decreased when he lost his contract with Combined Transport; however, according to Plaintiff's own testimony, his income declined anyway due to mechanical failure of the truck's engine. The only other evidence regarding loss of income is Plaintiff's testimony

that he had earned approximately Sixty Nine Thousand and 00/100 Dollars ($69,000.00) in the prior year. This Court can only speculate that Plaintiff's request for lost wages is based upon the calculations of his earned income in 1992. Without additional evidence, any award of damages for lost income would be mere speculation, guess and conjecture. This Court has no foundation upon which to award Plaintiff damages for lost income.

■ Plaintiff also asks the Court to award him Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00), which is the amount of equity Plaintiff asserts he had in the truck at the time that it was repossessed. However, Plaintiff has proven at best, that he made cash installments totalling Six Thousand Four Hundred and 00/100 Dollars ($6,400.00) and gave Defendant two (2) International Trucks, whose purported value is Eight Thousand Seven Hundred Sixty-five and 00/100 Dollars ($8,765.00), as partial payment on the promissory note. The purported value of the Freightliner Truck is Twenty Four Thousand Five Hundred and 00/100 Dollars ($24,500.00). According to Plaintiff, payments and in-kind transfers totalling Sixteen Thousand Seven Hundred Sixty-five and 00/100 Dollars ($16,765.00) have been made toward the truck. However, there is no correlation between the amount and/or value of Plaintiff's investment and the Twelve Thousand Five Hundred and 00/100 Dollars ($12,-500.00) requested as compensation for the equity in the truck.

■ Plaintiff also seeks compensation for a loss of Five Thousand and 00/100 Dollars ($5,000.00) in real property. Again, there is no evidence which proves that the loss of real estate was caused solely by Defendant's repossession of Plaintiff's truck. The only proven amount of damages resulting from the repossession is the Two Hundred Two and 04/100 Dollars ($202.04) which Plaintiff paid to retrieve his personal property. Thus, this Court finds that Plaintiff is entitled to receive damages of Two Hundred Two and 04/100 Dollars ($202.04).

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY FEES.

■ Pursuant to 11 U.S.C. § 362(h), a debtor injured by the willful acts in violation

of the stay may recover attorney fees. Section 330(a)(1) of the Bankruptcy Code permits an attorney to recover reimbursement for actual, necessary expenses and reasonable compensation for actual, necessary services rendered based on the nature, the extent, and the value of such services and the time spent on such services. The party seeking an award of attorney fees must prove the specific amount of compensation owed. *Id.* at 398. The court should scrutinize closely the fees requested by an attorney for unnecessary and excessive charges; however, "once documented, 'actual and necessary expenses' are automatically reimbursable." *Matter of Liberal Market, Inc.,* 24 B.R. 653, 658 (Bkrtcy.S.D.Ohio 1982) (*citing* 11 U.S.C. § 330(a)(2)).

■ In determining what constitutes reasonable compensation, the court should consider the following criteria: (1) The amount of work done; (2) The difficulties or intricacies of the problem presented; (3) The skill and experience of counsel in similar cases; (4) The results accomplished; (5) The amount involved in connection with the services rendered; (6) The length of time consumed; (7) The amount of contingency or certainty of compensation; (8) The expeditious performance of legal services; and (9) The professional quality of the services rendered. *In re Sly,* 77 B.R. 115, 117 (Bkrtcy. N.D.Ohio 1986) (*citing Cle-ware Industries, Inc. v. Sokolsky,* 493 F.2d 863 (6th Cir.1974), *cert. denied* 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974)).

In *In re Fullen,* 87 B.R. 504, 507 (Bkrtcy. S.D.Ohio 1988) debtor's counsel was unable to tell the court how much time they had spent on the case or give any justification for the fees sought. The court contemplated several factors and determined that there was insufficient evidence to pay the attorneys the amount of money requested; however, debtor obtained partial relief as a result of the efforts of the attorneys. Consequently, the court awarded attorney fees based upon the fair and reasonable value of services rendered. *Id.* at 508–09. The amount of attorney fees was based upon the degree of success achieved by counsel and the court's ex-

perience in awarding fees to counsel for similar cases in similar communities. *Id.* at 509.

■ The facts in the present case are similar to those in *Fullen* to the extent that Plaintiff's attorney has not provided any documentation which would justify paying Plaintiff Nine Hundred and 00/100 Dollars ($900.00) as and for attorney fees. The facts in the present case are dissimilar to *Fullen* on the basis that the debtor received exactly what he sought—a discharge in bankruptcy. Plaintiff, in this case, has failed to prove the amount of damages requested and therefore has been awarded an insignificant amount in comparison to the One Hundred Fifty-two Thousand Seven Hundred Two and 00/100 Dollars ($152,702.00) requested. However, based upon Plaintiff's minimal success on the merits; review of attendant case law; and this Court's experience in reviewing fees awarded counsel in similar cases and communities, Plaintiff should be awarded attorney fees of Two Hundred Fifty and 00/100 Dollars ($250.00) for services rendered.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits, and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

In judging the credibility of the witnesses and the weight given their testimony, this Court has considered the witnesses' age, intelligence, memory and demeanor while testifying. The Court has also considered the reasonableness of the witnesses' testimony in light of the evidence in the case and any interest, bias, or prejudice which they may have.

*Accordingly, it is*

**ORDERED** that pursuant to 11 U.S.C. § 362, Defendant did willfully violate the stay issued by this Court on February 4, 1993 by repossessing Plaintiff's truck on April 15, 1993.

It is **FURTHER ORDERED** that pursuant to 11 U.S.C. § 362(h), Plaintiff be, and is hereby, awarded Two Hundred Two and 04/100 Dollars ($202.04) against Defendant as damages resulting from Defendant's repossession of Plaintiff's truck.

It is **FURTHER ORDERED** pursuant to 11 U.S.C. § 362(h), that Plaintiff be, and is hereby, awarded attorney fees of Two Hundred Fifty and 00/100 Dollars ($250.00) against Defendant as and for reasonable compensation for actual, necessary services rendered by Plaintiff's Counsel in this matter.